IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON ORTEGA,

    Plaintiff,

vs.                                                          CIVIL NO. 99-1044 RLP/KBM

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the Court on two pending motions, a Motion to Dismiss or, in the Alternative, for Summary Judgment **(Docket No. 13)** and a Motion for Remand **(Docket No. 19)**, the Court having read said motions, the memoranda in support of and in opposition to said motions and otherwise being fully advised, finds that the defendant United States of America's Motion to Dismiss or, in the Alternative, for Summary Judgment is well taken and shall be **granted**. The Court further finds that the Plaintiff's Motion for Remand is not well taken and shall be **denied.**

### PROCEDURAL HISTORY

This complaint was filed in the Second Judicial District Court, State of New Mexico on August 20, 1999 (Docket No. 1). The complaint alleges a cause of action sounding in negligence against Pat Shirey related to an automobile accident in a parking lot in Albuquerque, New Mexico on March 30, 1998. On September 16, 1999, the United States

removed the case to this court (Docket No. 1).[1]

On September 24, 1999, the United States filed a Notice of Substitution of The United States of America as the Only Proper Party Defendant (Docket No. 4) (hereinafter "notice of substitution"). The U.S. Attorney certified that Mr. Shirey was an Internal Revenue Service Special Agent and was acting within the scope of his employment as an employee of the United States at the time of the incident alleged in the complaint. *See Exhibit "A" to Docket No. 4.* On October 13, 1999, without objection from the plaintiff and after considering the unopposed notice of substitution, this Court ordered the United States substituted as the proper party defendant and dismissed the claims against the defendant, Pat Shirey with prejudice (Docket No. 6). Thereafter, the defendant, United States filed its Motion to Dismiss or, in the Alternative, for Summary Judgment on November 18, 1999 (Docket No. 13). The plaintiff filed his Motion to Remand on November 30, 1999. On December 8, 1999, this matter was stayed pending a ruling on the Motion to Remand (Docket No. 19).

**DISCUSSION**

The issue before the Court is well framed. Is this case a Federal Tort Claims Act case against the United States? If so, the complaint must be dismissed for the plaintiff's failure to exhaust administrative remedies. *Three-M Enterprises, Inc. v. United States,* 548 F.2d

---

[1] The United States alleged at the time of removal that removal was appropriate pursuant to 28 U.S.C. §1442(a)(1), alleging the complaint was a civil action filed against an employee of an agency of the United States for acts committed under color of federal office.

293 (10th Cir. 1977). If the case is not against the United States, the case must be remanded to state court for lack of jurisdiction.

The plaintiff's argument on both motions is the same. Plaintiff maintains that Mr. Shirey did not establish he was acting under color of his office and within the course and scope of his employment when he negligently struck plaintiff's vehicle and negligently struck plaintiff. However, plaintiff does not address the significance of the U.S. Attorney's certification that Mr. Shirey was acting within the course and scope of his employment. This certification conclusively establishes scope of office or employment for the purposes of removal. 28 U.S.C. §2679(d)(2).[2] No contrary facts were presented to this Court by plaintiff other than by way of argument. The Court must follow the strict dictates of this statute. It is uncontradicted that this case is against the United States and not against an individual in his private capacity.

Given the fact that this case is against the United States, it is further uncontradicted that the plaintiff never filed an administrative claim. Typically, an administrative claim is presented to an agency by means of a Standard Form 95 outlining the incident and accompanied by a claim for damages in a sum certain. *See 28 C.F.R.. §14.2.* The requirement that an administrative claim be filed is jurisdictional and cannot be waived. *United States v. Kubrick,* 444 U.S. 111, 117-18 (1979); *Nero v. Cherokee Nation of Oklahoma,* 892 F.2d 1457, 1463 (10th Cir. 1989); *Bradley v. United States,* 951 F.2d 268,

---

[2]The Court has exclusive jurisdiction to hear the matter pursuant to 28 U.S.C. §1346(b).

270 (10th Cir. 1991). Since no administrative claim was ever presented, plaintiff's cause of action must be dismissed.

**IT IS THEREFORE ORDERED** that the United States of America's Motion to Dismiss or, in the Alternative, for Summary Judgment is **granted**.

IT IS FURTHER ORDERED that the Plaintiff's Motion for Remand is **denied.**

**IT IS SO ORDERED.**

                                            RICHARD L. PUGLISI
                                       United States Magistrate Judge
                                       Sitting by designation

James R. Toulouse, Attorney for Plaintiff
Marilyn S. Hutton, Attorney for Defendant